IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

FREDRICK LANDRUM                                        PLAINTIFF

VERSUS                          CIVIL ACTION NO. 4:05cv125TSL-JCS

KEN TURNER, MARK DUNCAN,
THOMAS THORTON, MAX KILPATRICK,
MARCUS GORDON, UNKNOWN GENTRY,
DAVID EDWARDS, BOARD OF SUPERVISORS,
GLEN WADDELL, LARRY MYERS, L.J. PACE,
BILLY BUTLER, RAYBURN WADDELL, and JOHN DOE        DEFENDANTS

OPINION AND ORDER

This cause is before the court, <u>sua</u> <u>sponte</u>, for
consideration of dismissal.  Plaintiff Fredrick Landrum filed
this complaint on July 25, 2005, pursuant to 42 U.S.C. § 1983.[1]
The named defendants are Ken Turner, a member of the district
attorney's office; Mark Duncan, a member of the district
attorney's office; Thomas Thorton, a police officer; Max
Kilpatrick, an attorney; Marcus Gordon, Circuit Court Judge;
Unknown Gentry, Chief of Police; David Edwards, Chief of Police;
Board of Supervisors; Glen Waddell, former Sheriff of Neshoba
County, Mississippi; Larry Myers, Sheriff of Neshoba County,
Mississippi; L.J. Pace, a police officer; Billy Butler, an
investigator; Rayburn Waddell, Mayor; and John Doe.  Plaintiff

_____

[1]At the time the plaintiff filed this complaint, he was incarcer-
ated at the South Mississippi Correctional Institute, Leakesville,
Mississippi.  Since that time, he has been released.

seeks as relief monetary damages and that the defendants be fired from their jobs.

## Background

The plaintiff states that he was sentenced in the Circuit Court of Neshoba County, Mississippi, for aggravated assault on a law enforcement officer and was sentenced on or about March 11, 1994, to a term of 23 years. [Response #13].  The plaintiff alleges that defendant Thorton committed perjury at his trial. According to the complaint, the plaintiff claims that defendants Pace and Gentry instructed defendant Thorton to testify that the plaintiff had committed the crime.  The plaintiff further contends that defendant Kilpatrick did not effectively represent him during the trial.  The plaintiff argues that defendant Board of Supervisors employed defendant Kilpatrick even though they knew he had a conflict of interest.  As for defendants Turner, Duncan, and Butler, the plaintiff asserts that they falsified documents and evidence.  The plaintiff is claiming false imprisonment and illegal prosecution.

## Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since the plaintiff was granted in forma pauperis status, Section 1915(e)(2) applies to the instant case.

The plaintiff seeks to prove that his conviction was unconstitutional.  For the reasons described below, this court finds that the plaintiff's claims under § 1983 are precluded by the United States Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the Supreme Court addressed whether a claim for monetary damages which essentially challenges the plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Supreme Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that

3

> the plaintiff's action, even if successful, will not
> demonstrate the invalidity of any outstanding criminal
> judgment against the plaintiff, the action should be
> allowed to proceed, in the absence of some other bar to
> the suit.

Id. at 2372 (footnotes omitted) (emphasis added); see also Boyd
v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994).

If plaintiff were successful in this § 1983 action, it would
necessarily imply the invalidity of his conviction for aggravated
assault on a law enforcement officer entered on or about March
11, 1994.  The "Discharge Certificate" furnished by the plaintiff
in his response [document #16] establishes that the plaintiff was
released due to the expiration of his sentence, not that his
sentence had been invalidated.  Since this § 1983 action calls
into question the validity of plaintiff's conviction, even though
he is no longer incarcerated, and because plaintiff has failed to
demonstrate that his conviction sentence has been invalidated,
this court finds that plaintiff's complaint should be dismissed.
See Randell v. Johnson, 227 F.3d 300 (5th Cir. 2000), cert.
denied, 532 U.S. 971 (2001).

Even though the plaintiff's complaint and request for
monetary damages are being dismissed for failing to meet the
requirements set forth in Heck, the United States Court of
Appeals for the Fifth Circuit has held that "it remains
appropriate for district courts to consider the possible
applicability of absolute immunity . . . as a threshold matter in

4

making a § 1915(d) determination." <u>Boyd v. Biggers</u>, 31 F.3d 279, 284 (5th Cir. 1994).  With that in mind, this court finds that even if the plaintiff successfully met the <u>Heck</u> requirements he would not be allowed to maintain this § 1983 complaint against defendant Thorton.  "Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'" <u>Hulsey v. Owens</u>, 63 F.3d 654, 356 (5th Cir. 1995) (quoting <u>Boyd v. Biggers</u>, 31 F.3d 279, 284 (5th Cir. 1994)).

The plaintiff complains that the defendant gave perjured testimony as a witness during his trial.  A witness in state judicial proceedings enjoys absolute immunity.  <u>Briscoe v. LaHue</u>, 460 U.S. 325 (1983); <u>Young v. Biggers</u>, 938 F.2d 565 (5th Cir. 1991).  Hence, even if defendant Thorton gave false testimony at the plaintiff's court hearings, he is absolutely immune from suit and liability under 42 U.S.C. § 1983.

<u>Conclusion</u>

As discussed above, the plaintiff's claim is not cognizable under 42 U.S.C. § 1983. Consequently, this complaint will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  "Plaintiff's claims are dismissed with prejudice to their being asserted again until the Heck conditions are met." <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996).

<u>Three-strikes provision</u>

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "Strike"[2].

A final judgment in accordance with this opinion and order will be entered.

SO ORDERED, this the 23rd day of February, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[2]28 U.S.C. § 1915(g) states:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

6